## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL BERRY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>KIOR, INC, FRED CANNON, JOHN K. KARNES,<br><br>Defendants. | **Civil Action No.:** 4:13-cv-02443<br><br>**CLASS ACTION**<br>Hon. Lee H. Rosenthal |

## JOINT DISCOVERY / CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Michael Berry, Proposed Co-Lead Plaintiffs Dave Carlton and Sharon Kegerreis, and the Class (collectively, "Plaintiffs"), and Defendants KiOR Inc., Fred Cannon, and John Karnes (collectively, "Defendants") respectfully submit this Joint Discovery/Case Management Plan for the Initial Pretrial Conference to be held on November 25, 2013 at 2:00 p.m.

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   **Answer:**

   The Rule 26(f) meeting was held via telephonic conference on November 15, 2013 at 3:00 p.m. EST, and the following attorneys participated:

   Lesley Portnoy for Plaintiff Michael Berry.

   Phillip Kim for Proposed Lead Plaintiff Dave Carlton.

   Sarah Myers-Mutschall and Adam Apton for Proposed Lead Plaintiff Sharon Kegerreis.

   Cristina Rodriguez and Kerry Tipper for Defendants KiOR Inc., Fred Cannon, and John Karnes.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   **Answer:**

   None.

3. **Briefly describe what the case is about.**

   **Answer:**

   This putative class action is brought on behalf of purchasers of KiOR, Inc. ("KiOR" or the "Company") securities between August 14, 2012 and August 7, 2013 (the "Class Period") seeking remedies under Sections 10(b), SEC Rule 10b-5 thereunder, and 20(a) of the Securities Exchange Act of 1934, in connection with certain representations made by Defendants. Defendants deny Plaintiff's claims.

4. **Specify the allegation of federal jurisdiction.**

   **Answer:**

   Federal subject matter jurisdiction is conferred by Section 27 of the Exchange Act 15 U.S.C. §78aa.

5. **Name the parties who disagree and the reasons.**

   **Answer:**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   **Answer:**

   Lead Plaintiffs, if appointed, intend on filing an amended complaint and may add additional parties. Please see October 7, 2013 Order Regarding Time to Answer or Otherwise Plead (D.E. 7).

7. **List anticipated interventions.**

   **Answer:**

   None.

8. **Describe class-action issues.**

   **Answer:**

   Plaintiff has filed suit on behalf of a putative class of purchasers of Defendant KiOR's securities.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   **Answer:**

   Because lead plaintiff and lead counsel have not yet been appointed by this Court, and because discovery is stayed pursuant to the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 78u-4(b)(3)(B), the parties have not made any initial disclosures and agree that initial disclosures are premature at this point.

10. **Describe the proposed agreed discovery plan, including:**

    A. Responses to all the matters raised in Rule 26(f).

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    C. When and to whom the defendant anticipates it may send interrogatories.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

    E. Of whom and by when the defendant anticipates taking oral depositions.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

**Answer:**

Because lead plaintiff and lead counsel have not yet been appointed by this Court, and because discovery is stayed pursuant to the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 78u-4(b)(3)(B), the parties agree that a proposed joint discovery plan is premature at this point.  The parties further agree that they shall promptly update this Joint Discovery Case Management Plan if the amended complaint is sustained by the Court.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    **Answer:**

    The parties are in agreement with respect to the response to Paragraph 9.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    **Answer:**

    None.

13. **State the date the planned discovery can be reasonably completed.**

    **Answer:**

    Please see the parties' response to Paragraph 9.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    **Answer:**

    The parties have not yet discussed settlement.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

**Answer:**

Mediation may be appropriate, if necessary, after lead plaintiff and lead counsel are appointed, and after Defendants' motion to dismiss is considered and resolved.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    **Answer:**

    The parties do not agree to trial before a magistrate judge.

17. **State whether a jury demand has been made and if was made on time.**

    **Answer:**

    Plaintiff timely demanded a jury trial with the filing of the Class Action Complaint (D.E. 1).

18. **Specify the number of hours it will take to present the evidence in this case.**

    **Answer:**

    Plaintiff and Proposed Plaintiffs' position: Plaintiffs estimate that it will take approximately 80 hours to try this case at trial.

    Defendants' position: A trial is inappropriate because Plaintiff cannot establish the elements of his securities fraud claims and, as such, the Class Action Complaint should be dismissed. For this reason, Defendants are not in a position to make an estimate at this time on the number of hours it would take to present evidence at trial.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    **Answer:**

    October 21, 2013 Motion for Appointment of Lead Plaintiff and Counsel by Dave Carlton (D.E. 12).

    October 21, 2013 Motion for Appointment of Lead Plaintiff by Sharon Kegerreis (D.E. 15).

20. **List other motions pending.**

    **Answer:**

    None.

**21.** **List issues or matters, including discovery, that should be addressed at the conference.**

**Answer:**

On October 7, 2013, the Court entered an Order Regarding Time to Answer or Otherwise Plead (D.E. 7), directing counsel for Defendants and Lead Counsel to confer and submit a proposed schedule for the filing of an amended complaint and Defendants' motion to dismiss. After adjudication of Defendants' motion to dismiss, the parties will be in a better position to discuss a schedule and any related issues amongst themselves and with the Court.

**22.** **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

**Answer:**

Lead Plaintiff movants filed their Certificate of Interested Parties before the initial conference. Defendants filed their Disclosure of Interested Persons on November 15, 2013.

**23.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Answer:**

*For Plaintiffs:*

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
Lesley Portnoy
600 Third Ave.
New York, NY 10016
(Tel) 212.661.1100

**ABRAHAM WATKINS NICHOLS SORRELS AGOSTO & FRIEND**
Sammy Ford, IV
(State Bar No. 24061331)
800 Commerce St.
Houston, TX 77002
(Tel) 713.222.7211

**GASCOYNE & BULLION, P.C.**
Debbie Bullion
(State Bar No. 03329100/ SDTX No. 4296)
James Gascoyne
(State Bar No. 07744800/ SDTX No. 1980)
77 Sugar Creek Center Blvd.
Sugar Land, Texas 77478
(Tel) 281.340.7000

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq., *pro hac vice*
Phillip Kim, Esq., *pro hac vice*
275 Madison Ave., 34th Floor
New York, NY 10016
(Tel) 212.686.1060

**LEVI & KORSINSKY LLP**
Nicholas I. Porritt
1101 30th Street NW, Suite 115
Washington, D.C. 20007
(Tel) 202.524.4290

**THE PAYNE MITCHELL LAW GROUP**
Dean Gresham
(State Bar No. 24027215/SDTX No. 27438)
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
(Tel) 214.252.1888

*For Defendants:*

**BAKER BOTTS LLP**
David D. Sterling
(State Bar No. 19170000/SDTX No. 07079)
Cristina Espinosa Rodriguez
(State Bar No. 00793701/SDTX No. 20575)
One Shell Plaza, 910 Louisiana St.
Houston, TX  77002
(Tel) 713.229.1234
***Counsel for Defendants***

-8-

**WILMER CUTLER PICKERING HALE AND DORR**
Michael G. Bongiorno, *pro hac vice*
(MA Federal Bar No. 558748)
Peter J. Kolovos, *pro hac vice*
(MA Federal Bar No. 632984)
Kerry C. Tipper, *pro hac vice*
(MA Federal Bar No. 678951)
60 State St.
Boston, MA 02109
(Tel) 617.526.6000
*Of Counsel for Defendants*

| | |
|---|---|
| /s/ Lesley Portnoy | November 15, 2013 |
| Counsel for Plaintiff | Date |

| | |
|---|---|
| /s/ James Gascoyne | November 15, 2013 |
| Counsel for Proposed Lead Plaintiff Sharon Kegerreis | Date |

| | |
|---|---|
| /s/ Phillip Kim | November 15, 2013 |
| Counsel for Proposed Lead Plaintiff Dave Carlton | Date |

| | |
|---|---|
| /s/ Cristina Espinosa Rodriguez | November 15, 2013 |
| Counsel for Defendants KiOR, Inc., Fred Cannon, and John Karnes | Date |