UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL BERRY, Individually and on Behalf of All Others Persons Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>KIOR, INC., FRED CANNON, and JOHN K. KARNES,<br><br>     Defendants. | Civil Action No.: 4:13-cv-02443 (LHR) |

**MEMORANDUM OF LAW IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING PURSUANT TO FED. R. CIV. P. 15(d) TO PLEAD PREVIOUSLY UNAVAILABLE FACTS OR, IN THE ALTERNATIVE, LEAVE TO AMEND THE COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)**

Lead Plaintiffs Dave Carlton and Sharon Kegerreis (collectively, the "Plaintiffs") file this Memorandum of Law In Support of the Motion for Leave to File a Supplemental Pleading Pursuant to Fed. R. Civ. P. 15(d) to Plead Previously Unavailable Facts or, in the alternative, Leave to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)(2). A copy of the proposed supplemental pleading is filed herewith (the "Supplemental Pleading"). A copy of the proposed amended complaint is filed herewith as well.

## BACKGROUND

### A. Relevant Procedural Background

Plaintiffs filed the Second Amended Complaint—the operative pleading—on May 27, 2014.[1]

Plaintiffs' Second Amended Complaint (the "SAC") alleges violations of the Securities

---

[1] The initial complaint in this case was filed by Plaintiff Michael Berry, who was represented by another law firm. (Dkt. # 1). Mr. Berry did not seek lead plaintiff status. Thereafter, Plaintiffs filed an amended complaint followed by the Second Amended Complaint.

1

Exchange Act of 1934 against Defendants.  Plaintiffs' allegations are premised upon a number of material misrepresentations and omissions concerning KiOR's key operating facility, *i.e.*, the Columbus Facility, and its ability to produce biofuel.  Specifically, Plaintiffs allege that Defendants' production estimates with respect to the Columbus Facility were impossible and baseless given the fact that severe design and operational problems had been impacting the Columbus Facility on a substantive level.  Defendants moved to dismiss the SAC on July 3, 2014 (dkt. # 56, 58).  The motions are fully briefed and oral argument is scheduled for November 14, 2014 at 8:30 a.m. (dkt. # 69).[2]

Since filing the SAC, KiOR disclosed critical facts in its SEC filings that bear directly on the issue of whether the Columbus Facility was able to meet Defendants' stated production projections.  Paul O'Connor ("O'Connor"), KiOR's co-founder, director, and former Chief Technology Officer, recently resigned and, in doing so, issued a lengthy and detailed letter explaining his personal and professional observations and experiences with respect to KiOR's management and operations.  As explained below, O'Connor's letter confirms that the problems at the Columbus Facility were not merely "start-up" issues, but rather "structural" in nature and indicative of the need for a "drastically" different approach in terms of research, development, and technology.  This additional information was not available at the time Plaintiffs filed the SAC; had it been, Plaintiffs would have relied heavily upon it given its importance to the underlying claims and allegations.

---

[2] Oral argument was previously scheduled for September 26, 2014.  However, upon notifying the Court of Plaintiffs' intent to seek leave to file the Supplemental Pleading, the Court postponed oral argument to November 14, 2014.

**B.  Previously Unavailable Facts**

    **1.  Paul O'Connor's Resignation Letter and the Facts and Circumstances Surrounding It**

Nearly four months after the filing of the SAC, on September 5, 2014, KiOR filed a Form 8-K with the SEC attaching a resignation letter from Paul O'Connor—one of KiOR's former directors, co-founder, and former Chief Technology Officer.  The resignation letter revealed the following adverse facts that bear directly on falsity and scienter.  A copy of O'Connor's letter is attached as Exhibit "A" to the Supplemental Pleading.

O'Connor's letter reveals, among other things, (a) that the KiOR management knew that as early as the end of 2011 that the yields at the Columbus Facility had not changed since 2009, meaning that KiOR had not achieved (nor was it possible to achieve) commercial scalability; (b) KiOR was aware it would require a "drastically" different approach to research and development to address low yields at the Columbus Facility; (c) KiOR's management knew that yields at the Columbus Facility were in line with KiOR's small test plant in Houston, Texas, and thus far off from the yields required for commercial scalability; and (d) KiOR's management knew that the low yields at the Columbus Facility were "structural" and "not 'just' operational issues."

    **2.  Receipt of an Additional Subpoena from the SEC**

On August 11, 2014 KiOR filed a Form 10-Q with the SEC which revealed for the first time the receipt of a second subpoena pursuant to a formal order of investigation concerning among other things, "the progress at its Columbus facility, its projected biofuel productions levels and the status of the Company's technology."  Previously, KiOR had disclosed the receipt of only one subpoena.

## ARGUMENT

**A. Plaintiffs' Should be Granted Leave to File a Supplemental Pleading**

"Under Rule 15(d), the court may permit a party to file a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). "[T]he discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading." *Zamora v. City of Houston*, No. 4:07-4510, 2011 WL 6016819, at * 2 (citing *Lewis Knutson*, 699 F.2d 230, 239 (5th Cir. 1983)). As such, the Court can consider whether "[1] the pleading would cause undue delay in the proceedings or would cause undue prejudice to nonmovant, [2] the movant is acting in bad faith or with a dilatory motive, [3] the movant has previously failed to cure deficiencies by prior pleadings, or [4] the proposed pleading is futile in that it adds nothing to the substance to the original allegations or is not germane to the original cause of action." *Id.* These factors applied here support the filing of the Supplemental Pleading.

No Undue Prejudice: Permitting the Supplemental Pleading will not cause undue delay. The new facts contained in the Supplemental Pleading were issued by the Company months after the filing of the SAC on May 27, 2014; O'Connor resignation letter was filed with the SEC on September 5, 2014. None of the new facts alleged in the Supplemental Pleading were publicly available until they were disclosed by KiOR given that the new facts involved internal corporate action and/or ongoing regulatory investigations.

Additionally, as proposed during the meet and confer process with Defendants, Plaintiffs request that the Court keep the fully briefed motions to dismiss active, and permit the parties to submit supplemental briefing with regard to the supplemental pleading only.

Defendants suffer no undue prejudice in allowing the Supplemental Pleading.  The case is still at its early stages and discovery is stayed.  No new claims or parties are being added.  Thus, these considerations support granting leave.

No Bad Faith: Plaintiffs are not acting in bad faith or seeking unnecessary delay.  To this end, the parties have proposed an expedited briefing schedule in connection with this Motion.

No Failure to Cure Deficiencies in Prior Pleadings: This factor is not applicable as there has not been repeated failures to cure any prior deficient pleading.  Plaintiffs have filed only two complaints in this action and the Court has not ruled on the sufficiency of the prior pleadings.

Supplementation Is Not Futile: Supplementation is not futile because the Supplemental Pleading supports Plaintiffs' theory of scienter and falsity.  The supplemental allegations support Plaintiffs' theory that Defendants made knowingly false or severely reckless misstatements and projections with regard to the Columbus Facility's production capabilities.  Specifically, the Supplemental Pleading provides additional facts from a corporate insider who communicated regularly with Defendants and KiOR's Board of Directors and was extremely familiar with KiOR's technology.  These allegations support Plaintiffs' claims that the Columbus Facility was incapable of performing as described because of ongoing significant and severe structural design problems.  As articulated in the Supplemental Pleading, these problems were "not 'just' operational issues," but "structural" and apparent from the very beginning of the "start-up" phase.  (Supplemental Pleading, Ex. A, ¶ 8.)

**B.  Requested Supplemental Briefing Schedule**

The Supplemental Pleading is discrete and does not add any new causes of action or new parties.  If the Court is inclined to grant Plaintiffs leave to file the Supplemental Pleading, Plaintiffs request that the Court keep Defendants' motions to dismiss active and allow the parties

to submit supplemental briefs to address the new facts only.  Plaintiffs propose the following schedule:

- Plaintiffs' shall file the Supplemental Pleading within two business days of an order granting leave;

- Defendants shall file their supplemental memoranda not to exceed ten pages seven days thereafter; and

- Plaintiffs shall file their response not to exceed ten pages seven days thereafter.

## C.  <u>Alternatively, Plaintiffs Should Be Granted Leave to File an Amended Complaint</u>

In the alternative, Plaintiffs request that the Court grant Plaintiffs leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2).  Though the discretion a court applies to a motion to supplement under Fed. R. Civ. P. 15(d) and a motion to amend under Fed. R. Civ. P. 15(a)(2) are the same, *Zamora*, 2011 WL 6016819, at * 2, *supra*, Fed. R. Civ. P. 15(a)(2) explicitly provides that leave to amend "should be freely given when justice so requires."  Courts have reaffirmed that leave to amend should be granted unless there is a "substantial reason" to deny the request.  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Lopez v. Sovereign Bank, N.A.*, C.A. No. H-13-1429, 2014 WL 1315834, at *4 (S.D. Tex. Mar. 31, 2014).

The same reasons that support supplementation support granting Plaintiffs' leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs leave to file the Supplemental Pleading in the form filed herewith or, in the alternative, grant Plaintiffs leave to file an amended complaint in the form filed herewith.

Dated:  September 24, 2014                    Respectfully submitted,

**GASCOYNE & BULLION, P.C.**

By: _____/s/ James Gascoyne_____
James Gascoyne (Fed No. 1980 / Tx. No. 07744800)
77 Sugar Creek Center Blvd.
Sugar Land, Texas 77478
281-340-7000 (phone)
281-340-7001 (fax)

*Liaison Counsel*

**LEVI & KORSINSKY LLP**

By: _____/s/ Nicholas I. Porritt_____
Nicholas I. Porritt (*admitted pro hac vice*)
Adam M. Apton (*admitted pro hac vice*)
1101 30th Street, NW, Suite 115
Washington, DC 20007
202-524-4290 (phone)
202-333-2121 (fax)

**THE ROSEN LAW FIRM, P.A.**

By: _____/s/ Phillip Kim_____
Lawrence M. Rosen, (*admitted pro hac vice*)
Phillip Kim (*admitted pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
212-686-1060 (phone)
212-202-3827

*Co-Lead Counsel*

4840-0508-5982, v. 1