# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MICHAEL BERRY, *et al.*, § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-13-02443 |
| KIOR, INC., *et al.*, § | |
| Defendants. § | |

## ORDER

Defendant KiOR, Inc. filed a petition in the United States Bankruptcy Court for the District of Delaware as Case No. 14-12514 on November 9, 2014. A petition filed under 11 U.S.C. §§ 301, *et seq.,* operates as a stay of a judicial proceeding against the debtor that was commenced before the bankruptcy proceeding. 11 U.S.C. § 362(a)(1). The claims against KiOR are stayed. The plaintiff may reinstate these claims to the active docket on notice to this court of the discontinuance of the stay under 11 U.S.C. § 362(c)(2), provided the notice is filed within 14 days after the bankruptcy stay is discontinued.

While "[s]ection 362 is rarely . . . a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001), "an exception to this general rule does exist, and a bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants if, for example, "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816 (5th Cir. 2003). No later than **November 24, 2014**, the parties must file a statement explaining the impact of the stay on the claims against the individual defendants.

SIGNED on November 14, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge